I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL. POSTAGE PREPAID, TO ~~ALL COUNSEL~~ *Petitioner*
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: __3|3|2010__

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAR - 3 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KASEY LEE STINSON,

      Petitioner,

      vs.

MATTHEW CATE,

      Respondent.

)
)
)
)
)
)
)
)
)
)

Case No. CV 09-5069-ODW (RNB)

ORDER ADOPTING FINDINGS,
CONCLUSIONS, AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). Objections to the Report and Recommendation ("Objs.") have been filed by petitioner.

Petitioner's objections are directed solely to the part of the R&R where the Magistrate Judge found and concluded that petitioner was not entitled to "interval tolling" for the 5-1/2 month delay between the denial of his California Court of Appeal habeas petition and the filing of his California Supreme Court habeas petition. (See R&R at 9-14.)  In support of his objections to this finding and conclusion, petitioner essentially is making two contentions.

First, in Subsection A of his argument section, petitioner contends that "California's timeliness rule is not adequate because it is ambiguous and

1

inconsistently applied." (See Objs. at 3-8). The fallacy of this contention is that petitioner is confusing the issue of whether California's timeliness rule constitutes an independent and adequate state law ground for purposes of the procedural default doctrine with the issue of whether he is entitled to statutory tolling for his 5-1/2 month delay for purposes of the federal statute of limitations. Nowhere in Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) did the Supreme Court indicate that the "interval tolling" issue turned on whether California's timeliness rule constituted an independent and adequate state law ground for a procedural default. Nor did the Ninth Circuit give any consideration to that issue in Chaffer v. Prosper, 592 F.3d 1046 (9th Cir. 2010) (per curiam), after the California Supreme Court denied certification.

Second, in Subsection B of his argument section, petitioner contends that "[t]his Court has held in similar circumstance that a petitioner's delay more than the one present here is entitled to gap tolling and an evidentiary hearing should be granted so that he may present evidence to support his contention." (See Objs. at 8-11). The reference to "this Court" is to the order in Bui v. Hedgpeth, 516 F. Supp. 2d 1170 (C.D. Cal. 2007) denying the respondent's motion to dismiss for untimeliness. A judge's order in another district court case of course has no precedential effect.[1] Moreover, the Court does not find Bui persuasive because it appears to the Court that the rationale in Bui for according the petitioner gap tolling for the more than five-month delay between the denial of his Court of Appeal habeas petition and the filing of his California Supreme Court habeas petition conflates two separate issues: (a)

---

[1] The Court also notes that, under 28 U.S.C. § 636(b)(1)(B) as construed by the Ninth Circuit in Hunt v. Pliler, 336 F.3d 839, 844-45 (9th Cir. 2003), judgment vacated on other grounds, 542 U.S. 933 (2004), it arguably was improper for the Magistrate Judge to issue a dispositive ruling on the motion to dismiss in the form of an order as opposed to a Report and Recommendation, which then would have been subject to review and adoption by the assigned District Judge.

2

whether, based on the explanations provided in his California Supreme Court habeas petition,[2] the California Supreme Court would have found that the petition was filed within a "reasonable time"; and (b) whether petitioner had made a sufficient showing for equitable tolling for some or all of the interval to entitle him to statutory tolling for the pendency of his California Supreme Court habeas petition. With respect to the first issue, as noted in the R&R, the only justification offered by petitioner in his California Supreme Court habeas petition for his delayed filing was "ineffective assistance of trial counsel, and the Court of Appeal's failure to provide a copy of the order denying habeas corpus." The Court concurs with the Magistrate Judge that neither of those excuses applies to the 5-1/2 month period of delay between the date when petitioner first became aware of the Court of Appeal denial and the constructive filing date of his California Supreme Court habeas petition. Consequently, the Court concurs with the Magistrate Judge that petitioner's inadequately explained delay of 5-1/2 months here does not fall within the scope of the federal statutory word 'pending' as interpreted in Saffold.

To the extent that petitioner continues to attribute the 5-1/2 month period of delay to his limited law library access, as noted in the R&R, unlike the petitioner in

---

[2]    The Court notes that, at the time the R&R was issued, Chaffer was an unpublished decision that could only be cited for its persuasive value per Ninth Circuit Rule 36-3. Now that Chaffer has become a published decision, it does have precedential effect. There, after the California Supreme Court denied certification, the Ninth Circuit held that because Chaffer's filing delays of 115 days between the denial of his first habeas petition in the Lassen County Superior Court and the filing of his second habeas petition in the California Court of Appeal and 101 days between the denial of his second habeas petition and the filing of his third habeas petition in the California Supreme Court "were substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions," **and Chaffer's petitions offered no justification for those delays as required under California law**, Chaffer was not entitled to statutory tolling for either of those intervals. See Chaffer, 592 F.3d at 1046 (emphasis added).

3

1  Chavis, petitioner here does not contend that he was deprived of all access to the law
2  library during the relevant period. He acknowledges that he was afforded two hours
3  of access a week on Sundays. Given that his California Supreme Court habeas
4  petition was identical to his Court of Appeal habeas petition except for two
5  paragraphs on page 19 of his 20-page Memorandum of Points and Authorities,
6  petitioner has failed to convince the Court that any or all of the 5-1/2 month period
7  should be equitably tolled based on the limited law library access that petitioner
8  allegedly experienced during that 5-1/2 month period. To the extent that petitioner
9  continues to attribute the 5-1/2 month period of delay to his lack of legal assistance
10 and/or lack of knowledge of the law, the Court concurs with the Magistrate Judge
11 that, under the authorities cited in the R&R, neither lack of legal assistance nor lack
12 of legal knowledge qualifies as an "extraordinary circumstance" entitling a pro se
13 habeas petitioner to equitable tolling. Finally, to the extent that petitioner continues
14 to attach significance to the fact that the California Supreme Court did not indicate
15 in its denial order that it found petitioner's habeas petition to be untimely, as the
16 Magistrate Judge pointed out in the R&R, the Supreme Court held in Chavis, 546
17 U.S. at 196-98, that the Ninth Circuit had erred in concluding that the California
18 Supreme Court's failure to indicate in its denial order that the habeas petition was
19 being denied for untimeliness meant that the petition had been timely filed for
20 purposes of federal statutory tolling. Rather, even when the California Supreme
21 Court summarily denies a habeas petition without comment or citation, the federal
22 habeas court "must itself examine the delay in each case and determine what the state
23 courts would have held in respect to timeliness," i.e., "whether the filing of the
24 request for state-court appellate review (in state collateral review proceedings) was
25 made within what California would consider a 'reasonable time.'" See id.

26      Accordingly, having made a de novo determination of those portions of the
27 Report and Recommendation to which objections have been made, the Court concurs
28 with and adopts the findings, conclusions, and recommendations of the Magistrate

4

1 | Judge.

2 |     IT THEREFORE IS ORDERED that petitioner's request for an evidentiary

3 | hearing is denied as unnecessary; that respondent's Motion to Dismiss is granted; and

4 | that Judgment be entered denying the Petition and dismissing this action with

5 | prejudice.

7 | DATED:   02-24-2010

10 | OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

11 | Presented by:

13 | Robert N. Block
United States Magistrate Judge

5